Nelida TORRES, Plaintiff,

v.

Tommy THOMPSON, Secretary of Health and Human Services, Defendant.

Civil Action No. 01–1584.

United States District Court, E.D. Pennsylvania.

July 31, 2003.

---

Mark A. Hoffman, Mark A. Hoffman Assoc. PC, Harleysville, PA, for Plaintiff.

Rafael Melendez, Philadelphia, PA, for Defendant.

Nicholas Cerulli, Philadelphia, PA, for Respondent.

### *MEMORANDUM OPINION*

RUFE, District Judge.

This is an appeal of the decision of the Commissioner of Social Security denying Plaintiff Nelida Torres's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. At the Court's request, Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation ("R & R"), and recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the decision of the Commissioner. Plaintiff filed no objections to the R & R. For the reasons set forth below, the Court adopts and approves the R & R, and grants summary judgment for Defendant.

The following is presented for summary purposes only. Plaintiff applied for DIB on May 19, 1999, alleging disability since April 1, 1993 due to carpal tunnel syndrome, diabetes mellitus, back and leg pain, loss of balance, and tendonitis. Of these ailments, only Plaintiff's back pain is at issue in the present appeal. The remainder of her physical problems were either successfully treated or under control. Her application was denied initially, upon reconsideration, and after a hearing before an ALJ, who concluded that Plaintiff was not disabled, and that she could perform her past relevant work as a social worker.

Judge Rapoport includes in his R & R an extensive review of the medical and other evidence submitted in this case. In sum, Plaintiff did not work at all during the relevant work period of July 27, 1996 through December 31, 1998. During this time, Plaintiff saw numerous physicians regarding her back pain. There is evidence in the record that Plaintiff refused to return to one doctor who opined that she did not show any abnormality of the thoracic spine. In addition, Plaintiff's family practitioner noted in his medical notes that Plaintiff was seeing a lot of physicians

for legal reasons, but none for therapeutic reasons. Finally, much of the medical evidence suggests that Plaintiff's back problems were not as severe as she claimed, and that she was capable of sedentary work.

The ALJ properly applied the five-step analysis to determine eligibility for disability benefits under 20 C.F.R. § 404.1520. The analysis requires the Commissioner to determine:

(1) whether the claimant is currently engaged in substantial gainful employment;

(2) if not, then whether the medical evidence indicates that the claimant suffers from a severe impairment which significantly limits his or her physical or mental ability to engage in basic work activity;

(3) if yes, whether the impairment meets or equals criteria for a listed impairment in Appendix 1, Subpart P, Regulations No. 4;

(4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform past relevant work; and

(5) if not, whether, in light of claimant's RFC, age, education, and past work experiences, the claimant is capable of performing other work which exists in the national or regional economy.

In this case, the ALJ concluded at the fourth step that Plaintiff retains the RFC to perform her past relevant work as a social worker/case manager. On appeal to this Court, Plaintiff maintains that the ALJ committed two errors.

■ First, Plaintiff argues that the ALJ should have found at step three that Plaintiff's impairments meet the criteria found in § 201.00(h) of the disability grids. This section requires a finding of disability for individuals aged 45–49 who (1) are restricted to sedentary work; (2) are unskilled or have no transferrable skills; (3) have no past relevant work or can no longer perform past relevant work; and (4) are unable to communicate in English, or are able to speak and understand English but are unable to read or write English. 20 C.F.R. Part 404, Subpart P, App. 2, § 201.00(h).

Judge Rapoport concluded that the ALJ's decision was supported by substantial evidence because Plaintiff could not satisfy criteria two through four. The ALJ found that Plaintiff has an ability to perform her past relevant work as a social worker/case manager, which is skilled sedentary work. In addition, Plaintiff's testimony at the hearing and her self-reported work history, which involved translation and helping people complete forms in English, demonstrates her ability to read and write in English. Accordingly, Judge Rapoport properly rejected Plaintiff's argument that she is disabled under § 201.00(h).

■ Second, Plaintiff argued that the ALJ erred by finding that Plaintiff was able to perform her past relevant work. Plaintiff's argument is based on the erroneous premise that the ALJ concluded Plaintiff could perform her past relevant work as a *nurse's aide*. However, the ALJ specifically concluded that Plaintiff could perform her past relevant work as a *social worker*, not as a nurse's aide.

In any event, Judge Rapoport reviewed the evidentiary basis for the ALJ's conclusion regarding past relevant work. Judge Rapoport noted that Plaintiff's subjective complaints of debilitating pain were not corroborated by medical tests; that two surgeons concluded she did not need back surgery; and that Plaintiff's own treating physician noted that Plain-

tiff's complaints were out of proportion to the medical evidence. Therefore, Judge Rapoport concluded that the medical evidence, Plaintiff's testimony, and the Vocational Expert's testimony supported the conclusion that Plaintiff retained the residual functional capacity to perform work as a social worker/case manager.

This Court's independent review of the administrative record reveals that the Commissioner applied the correct legal standards and that the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact and conclusions of law. Accordingly, the Court will approve and adopt the R & R, and enter judgment in favor of Defendant.

An appropriate Order follows.

### ORDER

**AND NOW,** this 31st day of July, 2003, upon careful and independent consideration of the record in this case, Plaintiff's Motion for Summary Judgment [Doc. # 12], Defendant's Motion for Summary Judgment [Doc. # 19], and the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport [Doc. # 23], and in the absence of any objections thereto, it is hereby **ORDERED** that:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED;**

2.  Plaintiff's Motion for Summary Judgment is **DENIED;**

3.  Defendant's Motion for Summary Judgment is **GRANTED;**

4.  The Clerk of Court is hereby directed to mark this case closed for administrative purposes.

It is so **ORDERED.**